IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS F. DOWLING, SR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-05-1851 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FEDERAL CLAIMS; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS; REMANDING ACTION**<br><br>(Docket Nos. 4, 8) |

　　　Before the Court is defendants' Amended Motion to Dismiss, filed May 27, 2005 and noticed for hearing July 1, 2005. Pursuant to Civil L.R. 7-3(a), plaintiff Curtis F. Dowling, Sr. ("Dowling") was required to file his opposition no later than June 10, 2005. To date, no opposition has been filed. By order issued June 20, 2005, the July 1, 2005 hearing on the motion to dismiss has been VACATED. For the reasons set forth below, the motion to dismiss the federal claims is hereby GRANTED, and the remaining state law claims are REMANDED to the California Superior Court for the City and County of San Francisco:

　　　1. The motion to dismiss Dowling's federal claim for deprivation of due process in violation of the Fourteenth Amendment to the United States Constitution, brought pursuant to 42 U.S.C. § 1983, is GRANTED, and said claim is DISMISSED with prejudice, as the mere threat of disciplinary action or harm to reputation does not constitute actionable

interference with property or liberty rights protected by the Due Process Clause.  See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1074 (9th Cir. 2002) (affirming dismissal of due process claim where plaintiff conceded "no charges were brought against him, and no disciplinary action was ever taken").  To the extent Dowling's due process claim is based on defendants' threat to evict him from his residence, he likewise has failed to state a claim, as there is no allegation that Dowling was evicted.  See Holt Cargo Systems, Inc. v. Delaware River Port Authority, 20 F. Supp. 2d 803 (E.D. Pa. 1998) (finding "mere threat" of eviction not actionable under § 1983); cf. Dooley v. Reiss, 736 F.2d 1392, 1394-95 (9th Cir. 1984) (finding no § 1983 claim stated based on unsuccessful attempt by defendants to deprive plaintiff of constitutional rights).

      2.  The motion to dismiss Dowling's federal claim for deprivation of equal protection in violation of the Fourteenth Amendment to the United States Constitution, brought pursuant to 42 U.S.C. § 1983, is GRANTED, and said claim is DISMISSED with prejudice, as Dowling cannot base a § 1983 claim on a mere threat to interfere with his constitutional rights.  See, e.g., Dooley v. Reiss, 736 F.2d at 1394-95 (finding no § 1983 claim stated based on unsuccessful attempt by defendants to deprive plaintiff of constitutional rights); see also Reichenberger v. Pritchard, 660 F.2d 280, 287 (7th Cir. 1981) (affirming dismissal of claim for conspiracy to deprive plaintiffs of equal protection based on unsuccessful attempt to deprive plaintiffs of constitutional rights).

      3.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims and REMANDS said claims to the Superior Court for the City and County of San Francisco.  See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy,

// 
// 
// 
//

1 | convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over
2 | the remaining state-law claims.")
3 |     The Clerk shall close the file.
4 | **IT IS SO ORDERED.**
5 | Dated: June 22, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge